Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Olivia Jean Hamilton,<br><br>　　　　Plaintiff,<br>　v.<br><br>Secret Pole Dance Studio, LLC,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Olivia Jean Hamilton ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Secret Pole Dance Studio, LLC ("SPDS") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff full and equal access to the Secret Pole Dance Studio at 11409 Jefferson Blvd, Culver City, CA 90230.

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. SPDS is a California limited liability company with its principal place of business in Culver City, California. At all times relevant to this complaint, SPDS owned, managed, operated, and/or otherwise was responsible for the Secret Pole Dance Studio at 11409 Jefferson Blvd, Culver City, CA 90230.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Secret Pole Dance Studio is in this district and Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

6. Plaintiff is disabled.

7. Plaintiff suffers from a disability and/or medical condition that is a disability.

8. Among other things, Plaintiff suffers from loss of mobility resulting from arthritis as well as migraines that can cause temporary loss of vision. Despite these disabilities, Plaintiff tries to stay active.

9. Plaintiff's disability limits Plaintiff's major life activities, some substantially.

10. Plaintiff utilizes a service animal, a dog, to help with the challenges resulting from Plaintiff's disability.

11. Plaintiff's service animal is specifically trained to, among other things, pick up things that Plaintiff drops, open and close doors, and provide guidance when Plaintiff suffers from loss of vision.

12. Plaintiff bought a package from Secret Pole Dance Studio through which she pre-pays for multiple classes offered by SPDS at the Secret Pole Dance Studio.

13. Plaintiff has visited the Secret Pole Dance Studio at 11409 Jefferson Blvd, Culver City, CA 90230 to attend the classes that she has paid for in advance.

14. Plaintiff's service animal has accompanied Plaintiff to Secret Pole Dance Studio.

15. Sadly, SPDS has discriminated against Plaintiff because of Plaintiff's service animal.

16. SPDS has treated Plaintiff as a second-class citizen, placing restrictions on Plaintiff and

requiring her to jump through additional hoops to attend the classes. Other customers do not face these same hurdles.

17. Even though Plaintiff is 'allowed' to attend the class, SPDS has asked Plaintiff invasive questions as to Plaintiff's disability in front of other customers and has required Plaintiff to leave class early and change her clothes in an area that is not intended for changing. SPDS has also demanded some sort of service animal documentation from Plaintiff (which is not allowed). When Plaintiff tried to work with SPDS regarding their discriminatory behavior, SPDS again demanded confidential medical information from Plaintiff regarding her disability, and again insisted that Plaintiff and her service dog would face restrictions on their ability to fully utilize the services that Plaintiff has purchased from SPDS.

18. Plaintiff has been injured as a result of SPDS's conduct. Plaintiff hopes that SPDS will cease its illegal discriminatory conduct in the future so that she can visit with her service animal without fear of discrimination or being treated differently than other customers.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

19. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

20. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

21. The Secret Pole Dance Studio is a public accommodation.

22. The Secret Pole Dance Studio is a gymnasium or other place of exercise or recreation that affects commerce.

23. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

24. SPDS has a policy that restricts and denies full and equal access to patrons like Plaintiff.

3
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

25. SPDS's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

26. As a result of SPDS's conduct, denying Plaintiff equal access to the Secret Pole Dance Studio, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment.

27. It is readily achievable for SPDS to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Secret Pole Dance Studio.

28. SPDS does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

29. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and Plaintiff has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, or attempt to patronize the Secret Pole Dance Studio, in light of SPDS's conduct.

30. SPDS's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

31. Plaintiff seeks injunctive relief as to SPDS's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

32. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

33. The Secret Pole Dance Studio is a public accommodation that SPDS owns, manages,

and/or operates.

34. SPDS denied and interfered with Plaintiff's ability to access the Secret Pole Dance Studio.

35. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled from full and equal access to the Secret Pole Dance Studio. Such acts and omissions are the cause of mental and emotional suffering for Plaintiff.

36. Plaintiff wishes to return to utilize what the Secret Pole Dance Studio has to offer, including visiting her friends, but she is substantially deterred from returning to the Secret Pole Dance Studio because the lack of access and the significant policy barriers will foreseeably cause Plaintiff further difficulty, discomfort and embarrassment, and Plaintiff is unable to achieve equal access to and use of these public facilities, so long as such acts and omissions of SPDS continues.

37. Plaintiff seeks injunctive relief as to SPDS's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

38. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of SPDS, Plaintiff has suffered a violation of Plaintiff's civil rights and has suffered difficulty, discomfort and embarrassment, and physical, mental, and emotional personal injuries.

39. SPDS's actions and omissions constitute discrimination against Plaintiff on the basis that Plaintiff was and is disabled and unable, because of the policy barriers created and/or maintained by SPDS in violation of the subject laws, to use the facilities on a full and equal basis as other persons.

40. Plaintiff has been damaged by SPDS's wrongful conduct.

41. At all times herein mentioned, SPDS was fully aware that significant numbers of potential users of the public facilities were, are, and will be disabled persons, and would have need of facilities that complied with legal standards for accessible facilities.

42. Despite this knowledge, SPDS installed and maintained the policy barriers complained

of, failed to remove these unlawful policies, and failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.

43.     Plaintiff believes SPDS has ignored complaints about the lack of proper disabled access by other disabled persons.

44.     SPDS has continued the illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Secret Pole Dance Studio and encounter illegal policy barriers which deny them full and equal access when they do so.

45.     At all times herein mentioned, SPDS knew, or in the exercise of reasonable diligence should have known, that the practices at the Secret Pole Dance Studio violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but SPDS has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. Plaintiff alleges that an award of statutory treble damages is appropriate.

46.     SPDS's conduct also violated the ADA.

47.     Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, SPDS's behavior was intentional. Plaintiff believes SPDS was aware and/or was made aware of the duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. SPDS's establishment of their discriminatory policy denying access to disabled persons to safely have full and equal access to the Secret Pole Dance Studio, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights.

48.     Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that SPDS make the facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

49. Plaintiff suffered damages as described as a result of SPDS's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to the Secret Pole Dance Studio. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, 54.3, and 55, including treble damages.

### THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

50. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

51. SPDS intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Secret Pole Dance Studio.

52. The Secret Pole Dance Studio is a business establishment.

53. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

54. SPDS's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

55. Plaintiff was harmed.

56. SPDS's conduct was a substantial factor in causing Plaintiff's harm.

57. SPDS's conduct violated the ADA.

58. As a result of the violation of Plaintiffs civil rights, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

59. Plaintiff also seeks to enjoin SPDS from violating disabled persons' rights.

### PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling SPDS to cease discrimination against disabled persons and

remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages and at least a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54.3, and 55, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: December 19, 2022      Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff